[Crim. No. 4143. In Bank.—April 29, 1938.]

THE PEOPLE, Respondent, v. FRANK TUCKER, Appellant.

Richard Seely for Appellant.

U. S. Webb, Attorney-General, Albert F. Zangerle, Deputy Attorney-General, for Respondent.

LANGDON, J.—This is an appeal from a judgment of conviction of murder in the first degree and from the order denying a motion for new trial. Defendant was sentenced to death.

The record shows that at about 2:30 A. M. on July 11, 1937, decedent, Antonio Martinez, apparently in an intoxicated condition, left a Sacramento saloon and proceeded along the street where he crossed the path of defendant, a stranger to him. At this time the decedent addressed a foul epithet to him. Thereupon the defendant followed the decedent across the street and after some time caught up with him and struck him in the face with his fists. The decedent fell to the ground and defendant kicked him as he lay there. Then he kneeled over the decedent and struck him three times in the chest with a stabbing motion. The defendant threw decedent's hat at him and left quickly towards his home. The decedent arose and staggered to the middle of the street, where he fell. Shortly thereafter police officers found decedent and were directed to the defendant, whom they apprehended. They found a pocket knife in defendant's clothes, the larger blade of which was capable of inflicting a wound found on decedent's chest. Decedent died a few hours after the encounter and the cause of death was found to be hemorrhage from a wound in the heart. His body showed three wounds on the chest.

All the facts concerning the assault were observed by an eye-witness for the prosecution. This witness did not observe any knife in the defendant's hand nor did he see any act of opening the pocket knife later found in defendant's possession, but he did observe the stabbing motion. The assault is admitted by the defendant, his only contention being that he struck the decedent with his fists and feet but not with a knife, and that he was not responsible for the death of decedent. Considerable stress is placed by defendant on the fact that no blood stains were discovered on the knife blade upon subsequent examination. However, an expert medical witness for the prosecution testified that if a knife passed

through the muscle in the region of the heart, where the fatal wound was inflicted, and was quickly withdrawn, it could be wiped clean of blood both by reason of the contraction of the muscle and the lack of time in which the blood might coagulate.

It thus appears that the evidence, both direct and circumstantial, was ample to justify the verdict of murder in the first degree, and defendant has failed to show any grounds for reversal or for modification of the judgment. It is true that the record does contain some evidence that defendant was an epileptic but, since the jury found him sane on his plea of not guilty by reason of insanity, this evidence cannot affect the judgment rendered.

The judgment and order appealed from are affirmed.

Shenk, J., Waste, C. J., Curtis, J., Edmonds, J., Seawell, J., and Houser, J., concurred.